**TURTLE HEALTHCARE GROUP, L.L.C. d/b/a Fred's Pharmacy, Petitioners,**

v.

**Yolanda Higuera LINAN Individually and as the Natural Parent of Maria Yolanda Linan and Gerardo Linan, Individually, and as Representatives of the Estate of Maria Yolanda Linan, Deceased, Respondents.**

No. 09–0613.

Supreme Court of Texas.

April 29, 2011.

Jacqueline M. Stroh, Law Office of Jacqueline M. Stroh PC, Ricardo R. Reyna, Gregory Richard Hokenson, Brock Person Guerra Reyna, P.C., San Antonio, for Turtle Healthcare Group, L.L.C.

Ray R. Marchan, Law Office of Ray Marchan, Gerardo E. Linan, Law Office of Gerardo Linan, Brownsville, for Yolanda Higuera Linan.

PER CURIAM.

We issued an opinion in this case on February 25, 2011. We deny the motion for rehearing filed by respondents, the Linans, withdraw our prior opinion and issue this opinion in its place.

At issue in this appeal is whether claims based on the failure of a ventilator can be brought both as claims subject to the Texas Medical Liability Act (TMLA) and claims not subject to the TMLA. We hold that under the record presented, they cannot; all the claims are subject to the TMLA and must be dismissed because no expert report was served.

Turtle Healthcare Group supplied a ventilator to Maria Linan. A respiratory therapist from Turtle made regular visits to ensure the ventilator was operating properly. In July 2005, Maria's mother and caretaker, Yolanda Linan, contacted Turtle and requested an oxygen tank and two additional external ventilator batteries because of an impending hurricane. Turtle delivered the oxygen tank and one battery. The next day the hurricane arrived and the Linans' power went out around 7:00 a.m. The ventilator continued to function after the electricity went out, but around 9:30 a.m. Maria's family found that the ventilator was not operating and Maria had died.

Yolanda and Maria's brother, Gerardo, individually and as representative of Maria's estate (collectively, the Linans), filed suit against Turtle, alleging that Maria died as a result of the equipment failure. They asserted that Turtle was negligent

"in the operation and/or maintenance of the ... ventilator and/or its components and accessories" and that Turtle was negligent in delivering a defective ventilator, battery, and battery boxes. They specified that Turtle failed to exercise ordinary care by:

[1.] failing to timely provide functional equipment to its customers;

[2.] failing to warn of the defect or defects described above;

[3.] committing errors during the assembly phase including the warnings or parameters of use;

[4.] failing to install adequate safety warning devices and/or advises [sic];

[5.] using and installing warning devices which failed in use;

[6.] failing to make adequate safety tests or checks prior to and/or after sale or leasing of its equipment;

[7.] failing to exercise reasonable care in repairing or replacing component parts of the subject ventilator, oxygen tank and/or battery;

[8.] failing to maintain equipment in functional and usable condition.

Turtle filed a motion to dismiss on the grounds that the Linans' claims were healthcare liability claims and the Linans had not filed an expert report. *See* Tex. Civ. Prac. & Rem.Code § 74.351(a), (b) (requiring a trial court to dismiss a health care liability claim if an expert report has not been served within 120 days of filing suit). The Linans asserted that their claims were governed by a standard of ordinary care and were claims for common law negligence. The trial court determined that the Linans' claims were not health care liability claims and denied Turtle's motion to dismiss. Turtle filed this interlocutory appeal. *See id.* § 51.004(a)(9).

The court of appeals concluded

To the extent that the Linans' allegations involve acts or omissions beyond the alleged failure to provide properly charged batteries—such as their claims involving Turtle's provision of the ventilator and its alleged failure to provide warnings and to properly maintain the ventilator—those claims clearly involve acts or omissions that are "inseparable" from the rendition of medical services ... [and] are barred due to the Linans' failure to serve an expert report.

338 S.W.3d at 7. However, the court further held that the Linans' claims alleging Turtle was negligent by failing to provide functioning, charged batteries were not health care liability claims. *Id.* The court noted that it was within the common knowledge of the general public that functioning, charged batteries are required for electronic equipment and expertise in the medical field would contribute nothing to a determination of whether failure to provide such batteries was negligence. *Id.* at 7.

Turtle filed a petition for review; the Linans did not. Turtle asserts that the court of appeals was correct insofar as it held that some of the Linans' claims were health care liability claims, but the court wrongly divided the Linans' "battery claims" from their "non-battery claims." The Linans respond to Turtle's assertions by urging that their claims are based on Turtle's failure to send home-use equipment to a third party for servicing, failure to charge the ventilator batteries, and failure to train its employees on equipment checks. They maintain that such claims do not fall within the definition of a health care liability claim. We agree with Turtle.

Pursuant to the TMLA, a claimant in a health care liability claim must serve an expert report within 120 days after filing a claim. Tex. Civ. Prac. & Rem.Code § 74.351(a). A health care liability claim is

one "against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant." *Id.* § 74.001(a)(13). A health care provider for purposes of the TMLA includes "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care." *Id.* § 74.001(a)(12)(A). The Linans do not challenge Turtle's status as a health care provider.

We recently addressed a similar situation in regard to whether the same underlying facts can give rise to both health care liability claims and ordinary negligence claims. *See Yamada v. Friend,* 335 S.W.3d 192, 193 (Tex.2010). In *Yamada,* Laura and Luther Friend sued Dr. Yamada after their daughter collapsed at a water park and later died from a heart condition. *Id.* at 194. Dr. Yamada filed an interlocutory appeal after the trial court denied his motion to dismiss for the Friends' failure to file an expert report. *Id.* The court of appeals noted that the Friends' claims were based on Dr. Yamada's failure to properly provide advice and recommendations to the owner of the water park about its safety practices, including the placement and maintenance of automatic external defibrillators. The court held that the Friends' pleadings stated both claims for negligence based on an emergency physicians' standard of care and claims for ordinary negligence. *Id.*

We held that all the Friends' claims must be dismissed. *Id.* We noted that permitting a claimant to maintain both health care liability claims and different types of claims based on the same underlying factual scenario " 'would open the door to splicing health care liability claims into a multitude of other causes of action with standards of care, damages, and procedures contrary to the Legislature's explicit requirements. It is well settled that such artful pleading and recasting of claims is not permitted.' " *Id.* (quoting *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 854 (Tex.2005)). We recognized that it would almost always be possible to parse out particular actions or omissions involved in a health care liability claim and allege that some of those actions or omissions breached ordinary standards of care. But permitting the same underlying facts to give rise to both types of claims would effectively negate the procedures and limitations of the TMLA. *Id.*

In this case the substance of the Linans' claims are that Turtle failed to provide Maria with a properly functioning ventilator. The court of appeals concluded that although the Linans alleged health care liability claims, the allegations that Turtle failed to provide functioning, properly charged batteries did not comprise health care liability claims. 338 S.W.3d at 7–8. The court stated that the Linans' "battery" claims were based on allegations of negligence "involving activities that are wholly separable from the provision of health care." *See id.* We disagree.

The court of appeals recognized that many of the Linans' allegations would "fall under both the 'battery claim' category and the 'non-battery' claim category." 338 S.W.3d at 4 n. 3 (stating that the court would not "attempt to delineate" which of the Linans' claims were battery and which were non-battery). But all the Linans' claims are based on the same underlying facts and the Linans' pleadings are essentially that Maria's death was caused by Turtle's negligence in the "operation

and/or maintenance of the ... ventilator and/or its components and accessories."

Although the Linans do not affirmatively agree with the court of appeals' holding that some of their claims are health care liability claims as did the Friends in *Yamada*, the difference does not require a different outcome. The Linans did not file a petition for review challenging that portion of the court of appeals' judgment dismissing part of their claims because they were health care liability claims. Therefore, that part of the court of appeals' judgment is not before us. *See* TEX.R.APP. P. 53.1 ("A party who seeks to alter the court of appeals' judgment must file a petition for review."); *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex.2004) (noting that although the respondent challenged a portion of the trial court's judgment, the Court could not reach the issue because the respondent did not petition the Court for review on that point). And as did the unchallenged court of appeals' holding in *Yamada*, the court of appeals' unchallenged holding here requires dismissal of all the Linans' claims.

Accordingly, without hearing oral argument, TEX.R.APP. P. 59.1, we reverse the court of appeals' judgment to the extent it affirmed the trial court's order denying Turtle's motion to dismiss. By response to the Linans' motion for rehearing, Turtle waived its request for attorney's fees and costs. Accordingly, we affirm that part of the court of appeals' judgment that reversed the trial court's order. We reverse that part of the court of appeals' judgment that affirmed the trial court's order and render judgment dismissing all the Linans' claims against Turtle.