**Opinion issued November 14, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00236-CV

————————————

**OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, P.A. N/K/A OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, PLLC,**
**Appellant**

**V.**

**LAYNE HARDIN AND KATHERINE LEBLANC, Appellees**

On Appeal from the 55th District Court
Harris County, Texas
Trial Court Case No. 2011-64922

## MEMORANDUM OPINION

In this interlocutory appeal, Obstetrical and Gynecological Associates P.L.L.C. (OGA) appeals a trial court's order denying its motion to dismiss Layne Hardin and Katherine LeBlanc's claims arising out the use, storage, and custody of

eight vials of cryopreserved sperm that were allegedly given without their approval to Hardin's ex-girlfriend. OGA contends that Hardin and LeBlanc's underlying claim is a healthcare liability claim and, therefore, they were required to file an expert report. The trial court held that Hardin and LeBlanc's claims are not healthcare claims and denied the motion to dismiss. In two issues, OGA contends that Hardin and Leblanc raise a healthcare claim and that the trial court abused its discretion by denying its motion to dismiss. We affirm.

## Background

Hardin and LeBlanc's pleadings provide the background facts in this case. We accept the factual statements for the limited purpose of this appeal.[1]

In 2002, Layne Hardin had eight vials of his sperm cryopreserved at West Houston Fertility Center, Ltd., an independent cryopreservation laboratory now known as Texas Andrology. Hardin gave his then-domestic partner, Katherine LeBlanc, decisional authority over the use and storage of his cryopreserved sperm in the event of his death or "the dissolution of the couple or divorce." After Hardin and LeBlanc's relationship ended, Hardin and his new girlfriend, Tobie Devall, met with an OGA physician to discuss options for Devall to get pregnant through insemination. A few months later, Texas Andrology released two vials of Hardin's

---

[1]  *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex. 1994) (". . . we accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in [plaintiff's] pleadings.").

sperm to Devall, allegedly without consent from Hardin or LeBlanc. An OGA nurse inseminated Devall and she later became pregnant and gave birth to Hardin's son.

Hardin and Leblanc brought suit against (1) Devall, (2) the fertility laboratory where the sperm was stored (Texas Andrology Services, L.L.C.), and (3) the clinic that owns the laboratory (OGA), alleging that OGA negligently released Hardin's sperm, breached the agreement with West Houston, converted the cryopreserved sperm, and violated the DTPA by making various misrepresentations.

After the deadline to file a Chapter 74 expert report passed, Hardin and LeBlanc amended their initial petition, non-suiting various healthcare providers and OGA, leaving only Texas Andrology and Devall. Almost a year later, Hardin and LeBlanc again amended their petition, re-adding OGA as a defendant. OGA then moved for dismissal for failure to file a Texas Medical Liability Act section 74.351 expert report.[2] OGA did not submit any evidence regarding the underlying facts in support of its motion. The trial court denied the motion. OGA filed a timely notice of appeal from the trial court's interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(10) (West Supp. 2013).

---

[2]    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West Supp. 2013).

## Scope of Healthcare Liability Claims

OGA contends that it is a healthcare provider and that Hardin and LeBlanc's claims depend upon an underlying procedure that involves treatment or some other departure from accepted standards of claim related to medical care, healthcare or safety. OGA maintains that, although not all of the Hardin-Leblanc claims are healthcare claims, they so closely relate to an underlying healthcare claim that they were required to submit an expert report. Hardin and LeBlanc respond that OGA, in its capacity as owner of Texas Andrology, is not a healthcare provider and that their claims against it are not healthcare claims.

We conclude that there is no evidence that OGA is a healthcare provider.

## A.    Standard of review

Whether Hardin and LeBlanc's claims fall within the statutory definition of healthcare liability claims requires us to construe the Texas Medical Liability Act (TMLA). TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001 et. seq. (West Supp. 2013). We review issues of statutory interpretation de novo. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 254–55 (Tex. 2012); *Tex. W. Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012). We review a trial court's ruling on a motion to dismiss a healthcare liability lawsuit pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code for abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex. 2001); *Runcie v. Foley,*

274 S.W.3d 232, 233 (Tex. App.—Houston [1st Dist.] 2008, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to guiding rules or principles or if it clearly fails to analyze or correctly apply the law. *Runcie,* 274 S.W.3d at 233.

**B.     Healthcare claim requirements**

A healthcare liability claim has three elements: (1) a physician or healthcare provider defendant; (2) a claim that concerns treatment, lack of treatment, or a departure from accepted standards of medical care, healthcare, or safety, or professional or administrative services directly related to healthcare; and (3) the complained of act or omission proximately caused the injury to the claimant. TEX. CIV. PRAC. & REM. CODE ANN.§ 74.001(a)(13) (West Supp. 2013); *see Williams*, 371 S.W.3d at 179–80. OGA contends that the Hardin-LeBlanc claims meet all three elements of a healthcare claim, and therefore they should have filed a section 74.351 expert report within 120 days of filing their initial petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351; *see Heriberto Sedeno, P.A. v. Mijares,* 333 S.W.3d 815, 823 (Tex. App.—Houston [1st Dist.] 2010, no pet.). If a complainant fails to timely serve the expert report, the affected healthcare provider may file a motion to dismiss and the court must dismiss the claim. *Heriberto Sedeno*, 333 S.W.3d at 822–23.

5

Turing to the first element of a healthcare claim, OGA contends that it meets the definition of "health care provider." The TMLA defines "health care provider" as "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12)(A). The moving party has the burden to present evidence that the State of Texas has certified it as a healthcare provider. *See Christus Health v. Beal*, 240 S.W.3d 282, 286–87 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding licensed residential alcohol and drug treatment facility meets definition of healthcare provider); *see also Brown v. Villegas*, 202 S.W.3d 803, 806 (Tex. App.—San Antonio 2006, no pet.) (reversing trial court's order dismissing claims because defendant hospital provided no evidence that it was licensed healthcare provider).

OGA relies on three "facts" to support its contention: (1) it directly employs "obstetrical and gynecological physicians specialized in high risk pregnancy consultations, treatments, and infertility care;" (2) it employs Dr. Schenk to provide such medical care, and she conducted a fertility consultation with Hardin and Devall and ordered the release of his sperm from Texas Andrology and the intrauterine procedure that resulted in Devall's pregnancy; and (3) its wholly-owned laboratory, Texas Andrology, maintains "sperm samples needed for [] artificial insemination procedures. . . ." OGA does not cite any portion of the

6

record to support these three claims, nor could it because it did not file any evidence in support of its motion to dismiss.

OGA also relies on its name, contending that its name is self-explanatory evidence that it is licensed to provide healthcare. Its name does not evidence the tasks it performed or its status with the State. OGA provides no evidence that it is a licensed, certified, registered, or chartered by the State of Texas to provide healthcare. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12)(A); *see also Brown*, 202 S.W.3d at 806 (holding defendant laboratory and pathologist not healthcare providers because no evidence of license).

Alternatively, OGA argues that it is a healthcare provider because its wholly-owned entity, Texas Andrology, "provide[s] medical care to address high risk pregnancies and infertile patients." Again, OGA offers no record citations to support this claim, nor can we locate any supporting evidence. The only evidence regarding Texas Andrology was evidence offered in the Hardin-LeBlanc response to the motion to dismiss.[3] Even assuming Texas Andrology is a healthcare

---

[3] The TMLA does not exhaustively list all entities qualifying as "healthcare providers." *Compare Pro Path Services, L.L.P. v. Koch*, 192 S.W.3d 667, 670–71 (Tex. App.—Dallas 2006, pet. denied) (holding that pathology laboratory is healthcare provider despite not being explicitly listed in TMLA), *with Johnson v. Transplantation Research Foundation*, No. 14-03-00968-CV, 2004 WL 2749149, at *2–3 (Tex. App.—Houston [14th Dist.] Dec. 2, 2004, no pet.) (mem. op.) (holding foundation receiving and storing donated human tissue for surgical repair of other patients not healthcare provider), *and J.K. & Susie L. Wadley Research Institute and Blood Bank v. Beeson*, 835 S.W.2d 689, 696 (Tex. App.—Dallas 1992, writ denied) (rejecting argument that blood bank is subject to expert-report

provider, the TMLA does not require an expert report specifically addressing a party like OGA that is alleged to be vicariously liable for the inadequate healthcare provided by its agent or employee for which a report would be required. *See Akhter v. Smooth Solutions DFW One, L.L.C.*, No. 04-11-00263-CV, 2012 WL 3776481, at *4 (Tex. App.—San Antonio Aug. 31, 2012, no pet.) ("Part of the reason an expert report is not required for the vicariously liable party is that the elements of a Chapter 74 report relating to standards of care and causation cannot be applied to vicarious liability that is based on *respondeat superior* or partnership principles rather than direct allegations of negligence.").

Because OGA failed to prove that it is a healthcare provider for which an expert report was required, we do not address whether the Hardin-LeBlanc claims are healthcare claims.[4] No expert report was required because there is no evidence that OGA is a licensed healthcare provider. Accordingly, we hold that the trial court did not abuse its discretion by denying OGA's motion to dismiss.

**Conclusion**

We affirm the trial court's judgment.

requirement because bank did not provide medical or healthcare to transfusion recipient).

[4]     *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13) (West Supp. 2013); *see Tex. W. Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 184–86 (Tex. 2012) (holding safety healthcare liability claims "need not be directly related to the provision of healthcare. . . ."). *See also Turtle Healthcare Grp., L.L.C. v. Linan*, 337 S.W.3d 865, 868 (Tex. 2011) (rejecting argument that claimant could maintain healthcare claims and general negligence claims on the same set of facts.).

                                        Harvey Brown
                                        Justice

Panel consists of Justices Jennings, Sharp, and Brown.