

## NUMBER 13-19-00503-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ESTEBAN O. BROWN, M.D.,                                           Appellant,

v.

FLORENCE NOCAR,                                                  Appellee.

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes[1]
Memorandum Opinion by Justice Longoria**

Appellant Esteban O. Brown, M.D. appeals the denial of his motion to dismiss

pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV.

PRAC. & REM. CODE ANN. § 74.351. In two issues, Brown argues (1) appellee Florence

---

[1] The Honorable Gregory T. Perkes, former Justice of this Court, was a member of the panel at the time this case was orally argued but did not participate in this decision because his term of office expired on December 31, 2020.

Nocar's claims against him are health care liability claims (HCLC) and should have been dismissed for failure to provide an expert report pursuant to Chapter 74, and (2) he should be awarded reasonable attorney's fees and costs. *See id.* We affirm.

## I.  BACKGROUND

In February 2015, prior to filing suit, Nocar's attorney sent Brown a "Notice of Health Care Liability Claim and Notice to Preserve Electronic and Physical Evidence." In the notice, Nocar's attorney detailed the basis for Nocar's HCLC claims against Brown, specifically accusing Brown of "grooming, encouraging, facilitating, and commencing a romantic and sexual relationship with a patient." The notice alleged violations of "the rules and regulations of the Texas Medical Board, the Texas Occupations Act, Texas Medical Association's Code of Ethics, the American Medical Associations Code of Ethics, and several Texas civil statutes and Texas common law." In July 2016, Nocar herself sent a "notice of health care claim" to the Reproductive Institute of South Texas indicating her intent to "commence a lawsuit" on the same set of facts and circumstances as the February 2015 notice. Both notices included similar language that stated "[y]ou are advised that this claim is being pursued under Chapter 74 of the Texas Civil Practice and Remedies Code."

In December 2016, Nocar filed suit against Brown alleging that Brown sexually assaulted her in December 2014 and January 2015, by forcing her to have sexual intercourse. Her petition asserted claims for infliction of bodily injury and intentional infliction of emotional distress stemming from the alleged sexual assault but contained no mention of Chapter 74. In January 2017, Brown answered, generally denying the

2

allegations set forth in Nocar's petition and asserting the affirmative defense that Nocar's claims are barred by the statute of limitations and are "frivolous, brought in bad faith[,] and/or brought for an improper purpose."

Nocar was deposed in this matter in June 2019. In August 2019, Brown moved to dismiss Nocar's claims against him for failure to provide an expert report pursuant to Chapter 74. *See id.* Nocar responded to the motion, and on September 24, 2019, the trial court denied Brown's motion to dismiss. This appeal followed.

## II. HCLC

Brown contends in his first issue that the trial court abused its discretion in denying his motion to dismiss pursuant to § 74.351 of the Texas Medical Liability Act (the Act) for failure to provide an expert report, arguing the claims asserted by Nocar are presumed to be HCLCs and Nocar failed to "shoulder her burden to rebut such presumption by providing conclusive evidence." *See id.*

### A. Standard of Review & Applicable Law

The Act provides that, upon the defendant's motion, a trial court must dismiss a health care liability claim (HCLC) and award attorney's fees to the defendant if the claimant fails to provide one or more expert reports within 120 days of filing suit. *Id.* § 74.351(b). We generally review a trial court's order on a motion to dismiss pursuant to § 74.351(b) of the Act under an abuse-of-discretion standard. *See Rosemond v. Al–Lahiq,* 331 S.W.3d 764, 766 (Tex. 2011); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). However, the question of whether the Texas Legislature intended claims such as Nocar's to be HCLCs, triggering with the Act's mandatory expert

3

report requirement, is a question of law to which we apply a de novo standard of review. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 254–55 (Tex. 2012); *T.C. v. Kayass*, 535 S.W.3d 169, 171–72 (Tex. App.—Fort Worth 2017, no pet.).

The Act defines a HCLC as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13). According to its definition, an HCLC has three elements: (1) the defendant is a health care provider or physician; (2) the claimant's cause of action is for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's alleged departure from accepted standards proximately caused the claimant's injury or death. *Loaisiga*, 379 S.W.3d at 255 (citing *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 662 (Tex. 2010) (plurality opinion)).

The parties agree that Brown is a health care provider or physician, and therefore the first element is not in dispute.[2] The parties disagree regarding elements two and three. Element two concerns the nature of a claimant's "cause of action" and the definitions of medical care, health care, safety and professional or administrative services directly related to health care. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13).

---

[2] The record establishes that Brown is a "physician" as that term is defined under § 74.001(a)(12) of the TMLA and that Nocar was a patient of Brown. TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(23)(A).

4

The Act does not define the term "cause of action," but the generally accepted meaning of that phrase refers to the "'fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief.'" *In re Jorden*, 249 S.W.3d 416, 421 (Tex. 2008) (orig. proceeding) (quoting A.*H. Belo Corp. v. Blanton*, 129 S.W.2d 619, 621 (1939)). "Health care" is broadly defined as "any act . . . performed . . . by any health care provider for [or] to . . . a patient during the patient's medical care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(10). And "medical care" is defined as "any act defined as practicing medicine under [§] 151.002, Occupations Code, performed or furnished, or which should have been performed, by one licensed to practice medicine in this state for, to, or on behalf of a patient during the patient's care, treatment, or confinement." *Id*. § 74.001(a)(19). The Texas Occupations Code, in turn, defines "practicing medicine" as "the diagnosis, treatment, or offer to treat a mental or physical disease or disorder or a physical deformity or injury by any system or method, or the attempt to effect cures of those conditions by a person who . . . publicly professes to be a physician." TEX. OCC. CODE ANN. § 151.002(a)(13); *Loaisiga*, 379 S.W.3d at 255.

As the Texas Supreme Court explained in *Loaisiga*,

> Analysis of the second element—the cause of action—focuses on the facts underlying the claim, not the form of, or artfully-phrased language in, the plaintiff's pleadings describing the facts or legal theories asserted. We have previously determined that a claim based on one set of facts cannot be spliced or divided into both an HCLC and another type of claim. It follows that claims premised on facts that could support claims against a physician or health care provider for departures from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care are HCLCs, regardless of whether the plaintiff alleges the defendant is liable for breach of any of those standards.

> The broad language of the TMLA evidences legislative intent for the statute

to have expansive application. The breadth of the statute's text essentially creates a presumption that a claim is an HCLC if it is against a physician or health care provider and is based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement. But the presumption is necessarily rebuttable. In some instances the only possible relationship between the conduct underlying a claim and the rendition of medical services or healthcare will be the healthcare setting (*i.e.,* the physical location of the conduct in a health care facility), the defendant's status as a doctor or health care provider, or both.

379 S.W.3d at 255–256 (internal citations and quotations omitted). Accordingly, if the presumption applies, Nocar can rebut the presumption if the record shows

> (1) there is no complaint about any act of the provider related to medical or health care services other than the alleged offensive contact, (2) the alleged offensive contact was not pursuant to actual or implied consent by the plaintiff, and (3) the only possible relationship between the alleged offensive contact and the rendition of medical services or healthcare was the setting in which the act took place.

*Id*. at 257.

## B.      Discussion

The record before us is limited, consisting only of the parties' pleadings and filings and exhibits related to the motions to dismiss. We are not bound by the parties' characterization of those facts in their pleadings or other papers. *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 534 (Tex. 2016).

In her claims against Brown, Nocar alleged that she was injured when Brown sexually assaulted her. The facts section of her petition states

> On or about December 15, 2014, and on or about January 10, 2015, at Hidalgo County Texas, [Brown] with malice aforethought, sexually assaulted [Nocar] by forcing her, against her free will, to have sexual intercourse with Plaintiff [sic].

> The sexual assault on [Nocar's] person caused her severe emotional trauma that continues to this day.

Nocar argues that the complained of behavior did not take place during the course of her care, treatment, or confinement. *See Loaisiga*, 379 S.W.3d at 256. Specifically, she states that "at least two of the instances" of sexual assault discussed at her deposition occurred after the doctor-patient relationship ended and that "five of the six instances" occurred outside of the health care setting, at either her own home or Brown's home. Her petition complains only of two specific instances of sexual assault, for which she provides specific dates that she argues occurred after the doctor-patient relationship ended and outside of any health care setting. Accordingly, she contends that her claims against Brown are not presumed to be HCLCs.

Brown, however, contends that the alleged conduct occurred during the course of treatment of Nocar and it is inseparable from the rendition of health care services. "It is well settled that an HCLC cannot be recast as another cause of action to avoid the requirements" of the Act. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 849–851 (Tex. 2005) (concluding patient's claim based on sexual assault by another patient caused by nursing home's negligence in failing to provide adequate supervision was an HCLC).

The *Diversicare* Court rejected the view that a person could allege a claim for premises liability independent of an HCLC because it "would open the door to splicing [HCLCs] into a multitude of other causes of action with standards of care, damages, and procedures contrary to the Legislature's explicit requirements. It is well settled that such artful pleading and recasting of claims is not permitted." *Id*. at 854; *see also Yamada v. Friend*, 335 S.W.3d 192, 196–97 (Tex. 2010) (holding that whether a claim is an HCLC

7

under the Act depends on the underlying nature of the claim being made, and artful pleading does not alter that nature); *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) ("[A] claimant cannot escape the Legislature's statutory scheme by artful pleading."); *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004) ("Plaintiffs cannot use artful pleading to avoid the TMLA's requirements when the essence of the suit is a [HCLC].").

Thus, when the underlying facts in an action could support an HCLC against a defendant, then all claims against that defendant based on those facts are HCLCs. *See Turtle Healthcare Grp., L.L.C. v. Linan*, 337 S.W.3d 865, 868–69 (Tex. 2011) (per curiam) (holding that ordinary negligence claims against a health care provider could not be maintained separate and apart from health care liability claims when all claims were based on the same underlying facts); *Yamada*, 335 S.W.3d at 193–94 (holding claims against a doctor arising from the same facts and pleaded both as ordinary negligence and health care liability had to be dismissed when the plaintiffs did not file an expert report as required by the Act).

Here, the claims against Brown are for sexual assault, which Nocar alleges occurred after the doctor-patient relationship ended and did not occur in a health care setting. The facts Nocar alleges in her claims for sexual assault are in no way connected to her medical treatment by Brown. Even if, as Brown argues, either of the two instances occurred in Brown's office, the only connection between his conduct underlying the claim and his rendition of medical services would be the health care setting, which does not turn Nocar's claims into HCLCs. *See Loaisiga*, 379 S.W.3d at 256 ("In some instances

8

the only possible relationship between the conduct underlying a claim and the rendition of medical services or healthcare will be the healthcare setting (i.e., the physical location of the conduct in a health care facility), the defendant's status as a doctor or health care provider, or both."). In fact, no reasonable argument could be made that Brown's alleged conduct—which included forced sexual intercourse at his home—was a part of Nocar's treatment as his patient. *See Drewery*, 344 S.W.3d at 505; *cf. Loaisiga*, 379 S.W.3d at 259–60 (holding, where plaintiff alleged that doctor groped her breasts during a routine examination for sinus and flu symptoms, that the claim was an HCLC because "the record does not contain sufficient information to conclusively show that [the doctor's] conduct could not have been part of the examination he was performing"). No expert testimony from a medical or health care professional is needed to determine the propriety of Brown's actions, as no professional judgment or expertise is implicated in determining whether the elements of the alleged sexual assault and intentional infliction of emotional distress claims are met. *See id*.

Because Nocar's claims are not presumed to be HCLCs, we need not address whether she rebutted such a presumption. We, therefore, conclude that Nocar was not required to furnish an expert report. We overrule Brown's first issue on appeal.[3]

### III.    CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
15th day of April, 2021.

---

[3] Because we overrule Brown's first issue on appeal, we affirm the trial court's judgment and need not address his remaining issue related to attorney's fees and costs. *See* TEX. R. APP. P. 47.1