

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00034-CV

---

TIFFINE VANDERBILT, APPELLANT

V.

UNIVERSITY MEDICAL CENTER AND ICU NURSE DOE IN HIS/HER
INDIVIDUALLY AND OFFICIAL CAPACITY, APPELLEES

---

On Appeal from the 237th District Court
Lubbock County, Texas,
Trial Court No. 2020-538,422, Honorable Les Hatch, Presiding

---

July 14, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Tiffine Vanderbilt, appeals from the district court's order dismissing her lawsuit against Appellees, University Medical Center and Nurse Doe, for failing to timely serve an expert report as required by section 74.351(a) of the Texas Civil Practice and Remedies Code.[1]  In three issues, Vanderbilt asserts the trial court abused its discretion

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).  Throughout the remainder of this opinion, we will cite provisions of the Texas Civil Practice and Remedies Code as "section ___," "§___," and "Chapter ___."

when it dismissed (1) her claims despite pleadings to the contrary, (2) her negligence claim filed pursuant to section 101.021 of the Texas Tort Claims Act, and that (3) application of the doctrine of *res ipsa loquitur* obviates the need for an expert report. We affirm.

## Background

In January 2020, Vanderbilt filed her original petition alleging that after giving birth by Caesarian section at University Medical Center, she was transferred to its Intensive Care Unit for recovery. While in the ICU, she requested pain relief for her lower back. Nurse Doe allegedly "brought [her] heat pads, whose use has been discontinued because of these [sic] pads caused severe burns when they were used on other patients, and placed them [on Vanderbilt]." Appellant alleged that after the heating pads were applied to her back, she suffered second degree burns and permanent disfigurement. Her petition categorized her claims as (1) a negligence action against UMC "pursuant to Texas Tort Claims Act § 101.021" and § 101.001, (2) a healthcare liability claim against UMC pursuant to the Texas Medical Liability Act, and (3) a negligence claim against Nurse Doe.

In August 2020, the trial court granted Vanderbilt's motion to extend the statutory deadline within which she was required to designate expert witnesses and serve expert reports. Appellant's motion characterized her lawsuit as a "healthcare liability case" and sought an extension for serving expert reports until September 15, 2020, due to the COVID-19 pandemic. On September 18, UMC filed a motion to dismiss Appellant's suit pursuant to Section 74.351(a) after she failed to meet the September 15 deadline.

2

Appellant responded that such deadline had been preempted by the trial court's scheduling order that required expert reports be served no later than September 29, 2020. Per an agreed order negotiated by the parties and subsequent court order, a new deadline for Appellant's serving expert reports was set for October 20, 2020, and claims against Nurse Doe were dismissed without prejudice.[2]  The agreed order expressly provided the October 20 deadline would not be extended.

Nevertheless, on October 30, 2020, Appellant again moved to extend the deadline to designate experts and serve expert reports, claiming her designated expert submitted an unsatisfactory report.  UMC filed a second motion to dismiss Vanderbilt's claims for failing to serve a timely expert report.  On January 7, 2021, the trial court held a hearing on UMC's motion.  Appellant, through her attorney, asserted that despite her failure to meet the deadline, she should be allowed to proceed on a "simple negligence" claim under sections 101.021 and 101.001 of the Texas Tort Claims Act.[3]  Appellant acknowledged that whether to dismiss her healthcare liability claim was left to the trial court's discretion, but urged that her common law negligence claims should remain viable

---

[2] Appellant does not challenge this order dismissing Nurse Doe from the suit.  Accordingly, the dismissal of claims against Nurse Doe is affirmed.  *See Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied) ("Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment.  If an appellant does not, then we must affirm the ruling or judgment.") (citations omitted).

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (waiving sovereign immunity for governmental units for personal injury claims "caused by the . . . negligence of an employee acting within his scope of employment if . . . personal injury . . . so caused by a condition or use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.").  Section 101.001 provides definitions of terms used in the Texas Tort Claims Act.  We point out that the Texas Tort Claims Act is not a substantive right or cause of action; "it merely waives sovereign immunity as a bar to a suit that would not otherwise exist."  *City of Tyler v. Likes*, 962 S.W. 2d 489, 494 (Tex. 1997).

even without a report. On January 22, 2021, the trial court dismissed all of Appellant's claims with prejudice.

Analysis

Appellant argues that her claims brought under the Texas Tort Claims Act require no expert report. "When a claimant asserts a healthcare-liability claim against a governmental entity that is a healthcare provider, the claimant must comply with both the Medical Liability Act and the Texas Tort Claims Act." *Univ. of Tex. Med. Branch at Galveston v. Tatum*, 389 S.W.3d 457, 461 (Tex. App.—Houston [1st Dist.] 2012, no pet.). *See also Tinnard v. Dall. Cty. Hosp. Dist.*, No. 05-13-01161-CV, 2015 Tex. App. LEXIS 627, at *8 (Tex. App.—Dallas Jan. 22, 2015, no pet.). We therefore examine whether the substance of Appellant's claims assert healthcare liability under the TMLA.

We review de novo whether a particular cause of action constitutes a healthcare liability claim. *Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 757 (Tex. 2014). In doing so, we consider the entire record, including the pleadings, motions, responses, and relevant evidence properly admitted. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 258–59 (Tex. 2012). The party moving for dismissal bears the burden to prove that the cause of action is a healthcare liability claim. *See Reddy v. Veedell*, 509 S.W.3d 435, 438 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

There is no dispute that UMC and Nurse Doe are "health care providers" under the TMLA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12). The TMLA defines the phrase "health care liability claim" as follows:

4

> "Health care liability claim" means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. The term does not include a cause of action described by Section 406.033(a) or 408.001(b), Labor Code, against an employer by an employee or the employee's surviving spouse or heir.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13). Per the TMLA's definition, the Legislature has made clear that "health care liability claim" expressly includes those causes of action against health care providers for "other claimed departure from accepted standards of medical care, or health care, . . . which proximately results in injury to or death of a claimant . . . ." *Id.*

The factual substance underlying all of her causes of action is this: following Appellant's transfer to the ICU after surgery, she requested relief from back pain due to an epidural. Whereupon Nurse Doe allegedly applied heating pads owned by UMC, causing burns and disfigurement. The act of applying the allegedly defective heating pads to Appellant's back was an inseparable part of the rendition of medical services. *See Turtle Healthcare Group v. Linan*, 337 S.W.3d 865, 868 (Tex. 2011) (per curiam) (holding allegation that health care provider failed to provide patient with properly functioning equipment, namely, a ventilator, constitutes a health care liability claim under the TMLA). Appellant conceded as much in her original petition, motions for extension of time to provide expert reports, and counsel's representations at the hearing on UMC's motion that this case "is a healthcare liability case."

Despite framing her claims under alternative theories, these claims necessarily fall under the TMLA's scope because they are based on the same facts. *Yamada v. Friend*, 335 S.W.3d 192, 193 (Tex. 2010). "[P]ermitting a claimant to maintain both health care liability claims and different types of claims based on the same underlying factual scenario 'would open the door to splicing health care liability claims into a multitude of other causes of action with standards of care, damages, and procedures contrary to the Legislature's explicit requirements.'" *Linan*, 337 S.W.3d at 868 (*quoting Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 854 (Tex. 2005)). "When the underlying facts [of a tort claim] are encompassed by provisions of the TMLA in regard to a defendant, then all claims against that defendant based on those facts must be brought as healthcare liability claims." *Yamada,* 335 S.W.3d at 193–94. We hold that all of Appellant's claims constitute healthcare liability claims and are subject to the expert report requirements of section 74.351(a).[4]

Appellant received two extensions for serving her expert report. The second extension was premised on an order agreed to by the parties that Appellant would be granted no further extensions beyond October 20, 2020, for complying with the TMLA's report requirements. An agreed order is contractual in nature; in effect, it is both a written agreement between the parties and an adjudication. *See Patel v. City of Everman*, 179 S.W.3d 1, 8 (Tex. App.—Tyler 2004, pet. denied). When Appellant failed to serve an expert report by the agreed upon deadline, the trial court granted UMC's subsequent

---

[4] Contrary to Vanderbilt's contention that an expert report is not required because *res ipsa loquitur* is applicable in this case, "res ipsa loquitur [is] not an exception to the expert report requirement under TEX. CIV. PRAC. & REM. CODE ANN. § 74.351." *Merry v. Wilson*, 498 S.W.3d 270, 273, 275–77 (Tex. App.—Fort Worth 2016, no pet.) (collected cases cited therein).

6

motion to dismiss.  Under the circumstances, we cannot say the trial court abused its discretion by dismissing Vanderbilt's TMLA claims.

Conclusion

We affirm the district court's order of dismissal.

Lawrence M. Doss<br>Justice