

## NUMBER 13-20-00394-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

VALLEY REGIONAL MEDICAL CENTER,                                    Appellant,

v.

PATRICK S. SKULEMOWSKI DO,                                         Appellee.

### On appeal from the 138th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Valley Regional Medical Center (Valley Regional) appeals the denial of its motion to dismiss pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. In two issues, Valley Regional argues: (1) appellee Patrick S. Skulemowski, DO asserted a health care liability claim

(HCLC) governed by Chapter 74; and (2) the trial court erred in denying Valley Regional's motion to dismiss because Skulemowski failed to timely serve an expert report. We reverse and remand.

## I.    BACKGROUND

On September 9, 2019, Skulemowski filed his original petition, asserting a negligence claim against Valley Regional. Skulemowski alleged that Valley Regional was negligent in its operation, control, and maintenance of an electrocautery device, which Skulemowski had used in performing a caesarean section on a patient. He further alleged that he endured an electroshock from said device, which caused injury, immediate severe pain, and long-term chronic pain.

On March 4, 2020, Valley Regional filed its motion to dismiss with prejudice for failure to serve an expert report. In said motion, Valley Regional claimed that Skulemowski's allegations fell within the definition of HCLCs pursuant to Chapter 74 and that he had failed to serve an expert report, requiring the trial court to render dismissal with prejudice. Skulemowski, in fact, did not file an expert report. After a hearing, the trial court denied Valley Regional's motion to dismiss. This appeal followed.

## II.    MOTION TO DISMISS

As it did in their motion to dismiss, Valley Regional argues on appeal that Skulemowski is a claimant whose negligence claim constitutes an HCLC pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code and that Skulemowski is therefore subject to the expert report requirements of § 74.351(a) of that statute. Valley Regional further contends that because Skulemowski failed to file an expert report

pursuant to § 74.351(a), the trial court erred when it denied Valley Regional's motion to dismiss.

## A. Standard of Review & Applicable Law

### 1. Statutory Interpetation

Because the merits of this appeal require us to construe the Texas Medical Liability Act (TMLA) and decide whether Skulemowski is a claimant whose negligence claim is an HCLC subject to the TMLA, our review is de novo. *See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015). The TMLA defines the procedural requirements for bringing an HCLC in Texas and is codified under Chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 74. A claim is an HCLC when it is:

> A cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13). Whether a case is an HCLC is determined by the nature of the acts or omissions causing the alleged injuries. *Tex. W. Oaks Hosp. v. Williams*, 371 S.W.3d 171, 176 (Tex. 2012). The statutory requirements of the TMLA cannot be circumvented by artful pleading. *Harris Methodist Fort Worth v. Ollie*, 342 S.W.3d 525, 527 (Tex. 2011). Thus, when the underlying facts in an action could support an HCLC against a defendant, then all claims against that defendant based on those facts are HCLCs. *See Turtle Healthcare Grp. v. Linan*, 337 S.W.3d 865, 868-69 (Tex. 2011) (per curiam) (holding that ordinary negligence claims against a health care provider could not be maintained

3

separate and apart from HCLCs when all claims were based on the same underlying facts).

In construing the TMLA, we "look first and foremost to the language of the statute" to ascertain legislative intent. *Ross*, 462 S.W.3d at 501. We accord the TMLA's words their plain meaning unless they are statutorily defined, a different meaning is evident from context, or this construction leads to a nonsensical result. *Id.* We consider the TMLA as a whole, rather than reading its individual provisions in isolation. *Id.* In deciding whether Skulemowski's negligence claim is an HCLC subject to the TMLA, we consider the entire record, including the pleadings, motions and responses, and any relevant evidence properly admitted. *Loaisiga v. Cerda*, 379 S.W.3d 248, 258 (Tex. 2012).

### 2. Definition of Claimant

The TMLA was modified in 2003. Among other things, the 2003 legislation changed the HCLC definition:

> 'Health care liability claim' means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death *of a claimant*, *whether the claimant's claim or cause of action* sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13) (emphasis added). The Legislature replaced the term "patient" with "claimant" in the definition of an HCLC. *Compare* TEX. CIV. PRAC. & RED. CODE § 74.001(a)(13), *with* TEX. REV .CIV. STAT. ART. 4590i, § 1.03(a)(4) (repealed 2003). The Legislature also defined the new term in the Act:

> 'Claimant' means a person, including a decedent's estate, seeking or who has sought recovery of damages in a health care liability claim. All persons

4

> claiming to have sustained damages as the result of the bodily injury or
> death of a single person are considered a single claimant.

TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2). "Person" is not defined in the TMLA and therefore must be given its common law meaning. *Williams*, 371 S.W.3d at 178 (citing TEX. CIV. PRAC. & REM. CODE § 74.001(b)). Changing the term "patient" to "claimant" and defining "claimant" as a "person" expands the breadth of HCLCs beyond the patient population. *Id.* This in turn necessarily widened the reach of the expert report requirement, unless otherwise limited by other statutory provisions. *Id.*

A claimant whose claims are subject to the TMLA must serve an expert report within 120 days of the filing of an answer by any physician or health care provider. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If the claimant fails to do so, then the trial court must dismiss the claimant's claims with prejudice and award reasonable attorney's fees and costs of court on the defendant's motion. *Id.* § 74.351(b). But only HCLCs are subject to the TMLA and its report requirements. *Id.* § 74.351(a); *see Ross*, 462 S.W.3d at 502 (noting that "the Legislature did not intend for the expert report requirement to apply to every claim for conduct that occurs in a health care context").

**B.      Discussion**

**1.      Skulemowski's Status as a "Claimant" Under the TMLA**

The record before us consists only of the parties' pleadings and filings and in-court arguments related to Valley Regional's motion to dismiss. We first examine whether Skulemowski is a "claimant" under the TMLA. Only claimants are obligated to serve expert reports on physcians or health care providers. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). There are several types of HCLCs set out in the TMLA: in addition to claims

5

involving treatment and lack of treatment, the TMLA contemplates claims for alleged "departure[s] from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care." TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13). All of these categories of claims, except safety, are defined terms in the TMLA. *See, e.g., id.* § 74.001(a)(10), (a)(19), and (a)(24) (defining "health care," "medical care," and "professional or administrative services"). Valley Regional asserts that Skulemowski's complaints allege departures from accepted standards of either "health care," "safety," or "professional or administrative services." Skulemowski argues that neither of these categories of claims applies to his allegations, and therefore, he is not a "claimant" because he is not a person seeking recovery in an HCLC.

### 2. Character of Skulemowski's Claims

Valley Regional argues that Skulemowski's complaints are "claimed departure[s] from accepted standards of . . . safety . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13). "Safety" is not defined by the TMLA; thus, we accord it its common meaning, expressed by the Texas Supreme Court as a "condition of being untouched by danger; not exposed to danger; secure from danger, harm or loss." *Ross*, 462 S.W.3d at 501 (internal quotation marks omitted). Using the statutory definition, a safety-standard claim need not be directly related to the provision of health care to qualify as an HCLC. *Id.* at 503; *see also Williams*, 371 S.W.3d at 185 (holding that the phrase "directly related to health care" in § 74.001(a)(13) modifies the terms immediately before it—"professional or administrative services"—and not "safety"). However, "there must be a substantive nexus between the safety standards allegedly violated and the provision of health care."

6

*Id.* at 504. This nexus depends on "whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety." *Id.* at 505.

The events underlying Skulemowski's claims occurred while he was performing a caesarian section on a patient at Valley Regional. Skulemowski alleges that an electrocautery device used to conduct the caesarian section shocked him, causing injuries, severe and long-term pain. Skulemowski's claims are, at the very least, indirectly related to healthcare. The question before this Court is whether there exists a substantive nexus between the safety standards allegedly violated and the provision of health care. *Ross*, 462 S.W.3d at 504. In *Ross*, the Texas Supreme Court identified non-exclusive factors to consider when assessing whether a safety-standard claim is substantively related to the provision of health care:

1. Whether the alleged negligence occurred in the course of the defendant's performing tasks with the purpose of protecting patients from harm;

2. Whether the alleged injuries occurred in a place where patients were receiving care, so that the obligation of the provider to protect persons who require medical care was implicated;

3. Whether the claimant was seeking or receiving health care when the alleged injuries occurred;

4. Whether the claimant was providing or assisting in providing health care when the injuries occurred;

5. Whether the alleged negligence arises from safety standards that are part of the professional duties owed by the health care provider;

6. If an instrumentality was involved in the defendant's alleged negligence, whether it was a type used in providing health care; or

7

7. Whether the alleged negligence implicated safety-related requirements set for health care providers by governmental or accrediting agencies.

*Id.* at 505. Six of the *Ross* factors—the first, second, fourth, fifth, sixth, and seventh—indicate that Skulemowski's claims are substantively tied to the hospital's provision of health care. Skulemowski cites to *Kindred Healthcare, Inc. v. Morales* as authority reaching the opposite conclusion. *Kindred Healthcare, Inc. v. Morales*, 499 S.W.3d 475 (Tex. App.—Houston [1st Dist.], 2016, no pet.). *Kindred* involved a maintenance worker, Morales, who sued Kindred Healthcare Inc. and Triumph Hospital of East Houston, L.P. for injuries he sustained when repairing a clogged drain allegedly owned and operated by Kindred and Triumph. *Id.* at 477. The *Kindred* court held that Morales' claims did not involve a substantive nexus between safety standards and the provision of health care. *Id.* at 481. Our application of the *Ross* factors to this case make clear why *Kindred* is not persuasive.

As to the first factor, Skulemowski alleges that Valley Regional improperly maintained or used the electrocautery device by failing to properly apply grounding pads. The alleged negligence occurred while Skulemowki used the device to perform a caesarean section on a patient. Because the alleged injury occurred while a patient was being rendered medical care, the alleged negligence necessarily occurred in the course of Valley Regional performing tasks with the purpose of protecting patients from harm. In contrast, the *Kindred* court found this first factor indeterminate due to the absence of relevant evidence. *Kindred*, 499 S.W.3d at 480.

As to the second and fourth factors, Skulemowski, a physician, was allegedly injured while performing a caesarean section on a patient at Valley Regional. Thus, the

8

injury occurred in a place where patients were receiving care, implicating Valley Regional's obligation to protect persons who require medical care; and Skulemowski was providing health care to a patient when he was injured. Conversely, due to the absence of relevant evidence, the *Kindred* court found the second factor indeterminate. *Id.* As to the fourth factor, *Kindred* held that a plumber or maintenance worker is not a health care provider who performs or funishes any act or treatment for, to , or on behalf of patients in those circumstances. *Id*. (citing Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(10)). However, unlike *Kindred*, the instant case does not involve a plumber or maintenance worker, but a doctor who is a health care provider. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(12)(A) (defining "health care provider" as . . . any person . . . duly licensed, certified, registered, or chartered by the State of Texas to provide health care).

As to the fifth and sixth factors, Skulemowski's claims, at their core, allege the failure of a piece of equipment provided to him by Valley Regional in order to render patient healthcare. Specifically, the equipment involved here was an eletrocautery device, which Skulemowski alleges he used to perform a caesarean section on a patient. Medical equipment specific to a particular patient's care or treatment is an integral and inseparable part of the health care services provided. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 664 (Tex. 2010). Thus, health care providers have a duty to maintain the safe operating condition of medical equipment. Here, the alleged negligence—Valley Regional's negligent operation, control, and maintenance of an electrocautery device used to render health care to a patient—arises out of the safety standards that are part of the professional duties owed by Valley Regional as a health care provider.

9

Furthermore, an eletrocautery device is an instrumentality used to provide health care. *See id.* (holding "[w]hen the unsafe or defective condition of [medical] equipment injures the patient, the gravamen of the resulting cause of action is a health care liability claim"). In stark contrast, as to the fifth factor, the *Kindred* Court held that Morales' claim—that he was injured as a result of the hospital's use of a chemical in a drain and its failure to tell him about it—was not based on any safety standards arising from professional duties owed by the hospital. *Kindred*, 499 S.W.3d at 480. In addition, the *Kindred* court found the sixth factor indeterminate due to the absence of relevant evidence. *Id.*

As to the seventh factor, all licensed hospitals in Texas are subject to the enforcement of rules addressing, among other things, "safety . . . requirements in hospitals" and "compliance with other state and federal laws affecting . . . safety . . . of hospital patients." TEX. HEALTH & SAFETY CODE ANN. § 241.026 (a)(3), (5). Surgical technologists, defined as persons who practice intraoperative surgical care, like the caesarean section performed in this case, are required, among other things, to prepare an operating room for surgical procedures by ensuring that surgical equipment, like an electrocautery device, is functioning properly and safely. *Id.* § 259.001 (2), (3)(A). In addition, surgical technologists are required to complete a minimum number of continuing education hours. *Id.* § 259.002 (d)–(f). These statutes demonstrate that the alleged negligence involved in this case implicates safety-related requirements set for Valley Regional by governmental or accrediting agencies. On the contrary, the seventh factor was found to be indeterminate by the *Kindred* court due to the absence of relevant evidence. *Kindred*, 499 S.W.3d at 480.

The record in this case demonstrates a substantive nexus between the safety standards Skulemowski alleged Valley Regional breached and the provision of health care. *See Ross*, 462 S.W.3d at 504. Given the factual differences between the instant case and *Kindred*, we do not find *Kindred* dispositive or persuasive. We conclude that Skulemowski's claims are HCLCs, that Skulemowski is therefore a "claimant" under the TMLA, and that Skulemowski was required to furnish an expert report.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(2); § 74.351(a). Because Skulemowski failed to furnish an expert report, the trial court erred when it denied Valley Regional's motion to dismiss. We sustain Valley Regional's issues on appeal.

## III.   CONCLUSION

The order denying Valley Regional's motion to dismiss is reversed. We remand with instructions to dismiss Skulemowski's claims with prejudice, to award reasonable attorney's fees and costs of court to Valley Regional, and for further proceedings consistent with this opinion. *See id.* § 74.351(b).

NORA L. LONGORIA
Justice

Delivered and filed on the
4th day of August, 2022.

---

[1] Because our determination is dispositive on the issue whether Skulemowski's claims are HCLCs, we decline to address Valley Regional's alternative arguments that Skulemowski's claims are claimed departures from accepted standards of "health care" or "professional or administrative services." *See* TEX. R. APP. P. 47.1.