Donya A. BROWN, Appellant,

v.

Bienvenido VILLEGAS, C.T., Thomas Denapoli, M.D., and Laboratory Corporation of America d/b/a LabCorp San Antonio, Appellees.

No. 04–05–00716–CV.

Court of Appeals of Texas, San Antonio.

June 28, 2006.

---

Beth S. Janicek, Law Office of Beth S. Janicek, San Antonio, Jacqueline Brandenburg–Rees, Brandenburg–Rees & Rees, Carlinville, IL, for appellant.

Kevin T. Jacobs, Baker Botts L.L.P., Houston, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

Donya Brown appeals the trial court's order dismissing the claims she asserted in the underlying lawsuit against Laboratory Corporation of America ("LabCorp") and Bienvenido Villegas, a cytology technician employed by LabCorp. Brown contends that she was not required to file an expert report relating to her claims against those defendants because they are not health care providers.[1]

### BACKGROUND

Dr. Kimberly Arthur, an obstetrician/gynecologist, performed a pap smear for Brown in February of 2003. In February of 2005, Brown sued LabCorp, Villegas, and Thomas Denapoli, M.D., the pathologist who reviewed the pap smear slide, asserting that they: failed to recognize the presence of numerous abnormal cells consistent with cervical intraepithelial neoplasia; failed to recognize the presence of abnormal cells consistent with carcinoma in situ; failed to make a proper diagnosis of the pap smear slide; failed to consult with appropriate specialists; and failed to recommend tissue studies and/or a biopsy.

LabCorp and Villegas moved to dismiss Brown's claims, asserting that Brown had failed to file an expert report within 120 days of filing suit as required by Section 74.351(a) of the Texas Medical Liability Insurance Improvement Act (MLIIA). *See* TEX. CIV. PRAC. & REM.CODE § 74.351(a) (Vernon 2005). Neither Brown nor her attorney appeared at the hearing on the motion, and the trial court dismissed Brown's claims. Brown filed a motion for reconsideration, arguing that LabCorp and

---

1. Brown does not challenge the portion of the trial court's order dismissing her claims against Thomas Denapoli, M.D.

Villegas were not health care providers as defined by Chapter 74, and thus were not subject to the expert reporting requirement. The trial court concluded that LabCorp and Villegas fell within the statutory definition of a health care provider and denied Brown's motion for reconsideration.

## DISCUSSION

 We review the trial court's dismissal of a health care liability claim under an abuse of discretion standard; however, to the extent that the resolution of the issue presented requires an interpretation of the MLIIA or a determination that the MLIIA applies to a claim, we review under a *de novo* standard. *See Hector v. Christus Health Gulf Coast,* 175 S.W.3d 832, 835 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Ponce v. El Paso Healthcare System, Ltd.,* 55 S.W.3d 34, 36 (Tex.App.-El Paso 2001, pet. denied); *Neasbitt v. Warren,* 22 S.W.3d 107, 109 (Tex.App.-Fort Worth 2000, no pet.). Section 74.351(a) of the MLIIA provides that a health care liability claimant must file an expert report for each physician or health care provider defendant within 120 days after filing the claim. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon 2005). If the required report has not been served by the 120-day deadline, on proper motion by a defendant, the trial court "shall" dismiss the action with prejudice and award reasonable attorney's fees and court costs incurred by the defendant. *Id.* § 74.351(b).

The MLIIA defines a "health care provider" as:

any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, or registered or chartered by the State of Texas to provide health care, including: (i) a registered nurse; (ii) a dentist; (iii) a podiatrist; (iv) a pharmacist; (v) a chiro-

practor; (vi) an optometrist; or (vii) a health care institution.

*Id.* § 74.001(a)(12)(A). The term "health care provider" also includes: (i) an officer, director, shareholder, member, partner, manager, owner, or affiliate of a health care provider or physician; and (ii) an employee, independent contractor, or agent of a health care provider or physician acting in the course and scope of the employment or contractual relationship. *Id.* § 74.001(a)(12)(B).

In *Laboratory Corp. of America v. Compton,* 126 S.W.3d 196, 198 (Tex.App.-San Antonio 2003, pet. denied), we held that because a laboratory was not specifically listed in [the section of the MLIIA defining a "health care provider"], it was not considered to be a health care provider. We explained that the definition of health care provider "specifically delineates entities that are health care providers, including hospitals and nursing homes." *Id.* We relied on the rules of statutory construction to hold that "the express mention of one person, thing, consequence or class is tantamount to the express exclusion of all others." *Id.*

*Compton,* however, was decided under former article 4590i, which defined "health care provider" as: "any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care *as* a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or officer, employee, or agent thereof acting in the course and scope of his employment." Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884 (emphasis added). The revised definition of "health care provider" located in Chapter 74 removes the term "as" and replaces it with "including." *See* TEX. CIV.

PRAC. & REM.CODE ANN. § 74.001(a)(12)(A) (Vernon 2005). To determine the significance of this change, we look to the Code Construction Act, which defines "including" as a term of enlargement and not of limitation or exclusive enumeration. *See* TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 2005) (Code Construction Act). The use of "including" does not create a presumption that components not expressed are excluded. *Id., see also State v. Vasilas,* 187 S.W.3d 486, 490 (Tex.Crim.App. 2006); *Group v. Vicento,* 164 S.W.3d 724, 731 (Tex.App.-Houston [14th Dist.] 2005, pet. filed); *Jackson Law Office, P.C. v. Chappell,* 37 S.W.3d 15, 25–26 (Tex.App.-Tyler 2000, pet. denied). This change in the statutory definition of "health care provider," therefore, renders the analysis used in *Compton* obsolete.

Notwithstanding the fact that laboratories are not presumptively excluded from the list of health care providers under Section 74.001(a)(12), Brown still contends that LabCorp and Villegas do not otherwise meet the statutory definition of health care provider. The appellees counter that LabCorp and Villegas are health care providers because: (1) LabCorp is certified by the State of Texas to provide health care, *see* TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(12)(a) (Vernon 2005); and (2) LabCorp is an independent contractor of Dr. Arthur, *see id.* § 74.001(a)(12)(B).[2]

With regard to the assertion that LabCorp meets the definition of a health care provider because it is certified by the State of Texas, LabCorp, as the movant, had the burden to present evidence to establish that it is certified by the State of Texas. *Cf. City of Van Alstyne v. Young,* 146 S.W.3d 846, 849 (Tex.App.-Dallas 2004, no writ) (noting burden of proof in a motion to dismiss for lack of jurisdiction is on movant). The record in this case, however, contains no evidence to show that LabCorp is "duly licensed, certified, or registered or chartered by the State of Texas to provide health care." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(12)(A) (Vernon 2005). Without that evidence, we cannot determine whether LabCorp is a health care provider such that the MLIIA is applicable to Brown's claim against LabCorp.

The appellees also argue that LabCorp qualifies as a health care provider because it is an independent contractor of Dr. Arthur. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12)(B) (Vernon 2005). Once again, however, the record does not contain any evidence establishing an independent contractor relationship between LabCorp and Dr. Arthur. Absent this evidence, we cannot determine whether LabCorp meets the statutory definition of health care provider.

## CONCLUSION

Because the record does not contain any evidence establishing that LabCorp is "duly licensed, certified, or registered or chartered by the State of Texas to provide health care" or that LabCorp is an inde-

---

2. The appellees also contend that Brown is estopped from arguing that her claims are not health care liability claims because she previously pleaded compliance with and invoked the rights of Chapter 74. The reporter's record from the hearing on Brown's motion for reconsideration clearly establishes that the trial court did not rely on this estoppel theory in making its ruling. Furthermore, we fail to see how Brown's pleadings and her obtaining medical records "without having to use a traditional discovery mechanism" makes it unconscionable for her to assert that LabCorp and Villegas are not health care providers in an effort to avoid dismissal, especially given that the law regarding the definition of health care providers is not clearly settled. *See Lopez v. Munoz, Hockema & Reed, L.L.P.,* 22 S.W.3d 857, 864 (Tex.2000) (noting quasi-estoppel applies when allowing a person to maintain an inconsistent position would be unconscionable).

pendent contractor of Dr. Arthur, the trial court's order dismissing Brown's claims against LabCorp and Villegas must be reversed, and those claims must be remanded to the trial court for further proceedings.