# IN THE SUPREME COURT OF TEXAS

═══════════
No. 12-0843
═══════════

RIO GRANDE VALLEY VEIN CLINIC, P.A., D/B/A RGV VEIN LASER & AESTHETIC
CLINIC, PETITIONER,

v.

YVETTE GUERRERO, RESPONDENT

═══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════

PER CURIAM

In *Bioderm Skin Care, LLC v. Sok*, we held that a claim for improper laser hair removal is a health care liability claim because expert health care testimony was necessary to prove or refute the claim that the procedure was performed improperly. __ S.W.3d __, __ (Tex. 2014). Specifically, we concluded expert health care testimony was needed because federal regulations restrict the laser to supervised use in a medical practice, and the claimant there did not rebut the presumption that her claim was a health care liability claim.

Likewise, here we conclude the claimant has not rebutted the presumption that her claim for improper laser hair removal is a health care liability claim. The laser used in this case is subject to the same federal regulations discussed in *Bioderm*. Because the claimant has not rebutted the presumption, her failure to serve an expert report precludes her suit against a health care provider

and physician. And because the trial court denied the defendant's motion to dismiss and the court of appeals affirmed, we reverse the court of appeals' judgment and remand for the trial court to dismiss the claim.

Yvette Guerrero alleges she suffered burns and scarring on her face, chin, and neck while receiving laser hair removal treatments at the Rio Grande Valley Vein Clinic, P.A., d/b/a RGV Vein Laser & Aesthetic Clinic (RGV Clinic) in October 2008. In October 2010, she sued the RGV Clinic for negligence. In its answer, the clinic expressly asserted that the Medical Liability Act applied to limit Guerrero's recovery. After 120 days had passed, the RGV Clinic moved to dismiss and requested its attorney's fees and costs because Guerrero had not served an expert report as required by the Medical Liability Act for health care liability claims. The trial court denied the motion to dismiss, and a divided panel of the court of appeals affirmed. __ S.W.3d __, __. The dissent would have concluded the claim is a health care liability claim, and that disagreement on a question of law material to the disposition of the case confers jurisdiction on this Court over this interlocutory appeal. TEX. GOV'T CODE §§ 22.001(a)(1), 22.225(c).

> Under the Medical Liability Act, a health care liability claim must satisfy three elements:
>
> (1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant.

*Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 179–80 (Tex. 2012) (citing TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13)). Additionally, the Medical Liability Act "creates a rebuttable presumption that a patient's claims against a physician or health care provider based on facts

2

implicating the defendant's conduct during the patient's care, treatment, or confinement" are health care liability claims. *Loaisiga v. Cerda*, 379 S.W.3d 248, 252 (Tex. 2012).

Guerrero does not dispute that, as a professional association, the RGV Clinic is a health care provider and physician. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A) (defining "health care provider" to include a professional association); *id*. § 74.001(a)(23)(B) (defining "physician" to include a professional association). Additionally, Guerrero alleges her injury was caused due to the care she received for laser hair removal from the RGV Clinic. And she completed forms for medical history, informed consent, and medical information disclosure, indicating she was a patient. Because she asserts she was injured while receiving care or treatment from a health care provider and physician, the rebuttable presumption that Guerrero's claim is a health care liability claim applies. *Loaisiga*, 379 S.W.3d at 252.

We next determine whether Guerrero has rebutted the presumption. The parties agree the first element of a health care liability claim is satisfied because the RGV Clinic is a health care provider and physician. And the third element is satisfied because the clinic's care or treatment of Guerrero allegedly caused her injury. Thus, Guerrero may only rebut the presumption that her claim is a health care liability claim by proving her claim does not constitute an alleged departure from accepted standards of medical or health care. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13); *Loaisiga*, 379 S.W.3d at 252; *Tex. W. Oaks*, 371 S.W.3d at 179–80. As explained below, Guerrero has not rebutted this presumption because expert health care testimony is necessary to prove or refute the merits of her claim.

3

The Medical Liability Act defines health care as "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE § 74.001(a)(10). In *Texas West Oaks*, we held that if expert medical or health care testimony is necessary to prove or refute accepted standards of medical or health care and their breach, the claim is a health care liability claim. 371 S.W.3d at 182.

Expert health care testimony is necessary to prove or refute Guerrero's claim against a health care provider and physician because, as we recently held in *Bioderm*, federal regulations provide that the laser used in the procedure here may only be acquired by a licensed medical professional for supervised use in her medical practice. __ S.W.3d at __. The United States Food and Drug Administration classifies the pulsed dye laser used for Guerrero's treatment as a Class II surgical device, 21 C.F.R. § 878.4810(b)(1), the use of which federal regulations specify is "not safe except under the supervision of a practitioner licensed by law to direct the use of such device, and . . . to be sold only to or on the prescription or other order of such practitioner for use in the course of his professional practice," *id*. § 801.109(a)(2). Moreover, federal regulation of this restricted surgical device indicates that its proper operation is not plainly within the common knowledge of laypersons. *See Bioderm*, __ S.W.3d at __. Because the RGV Clinic's laser is a regulated surgical device that may only be acquired by a licensed medical practitioner for supervised use in her medical practice, the testimony of a licensed medical practitioner is required to prove or refute Guerrero's claim that use of the device departed from accepted standards of health care. *See id*.; *Tex. W. Oaks*, 371 S.W.3d at 182–83.

4

Guerrero responds that a physician-patient relationship is required if the suit is for claimed departures from accepted standards of medical or health care, and that—because she was treated by a nurse rather than a physician—there was no physician-patient relationship. As an initial matter, Guerrero informed the trial court at the hearing on the motion to dismiss that a physician performed the procedure. Even if, as Guerrero now claims, a nurse performed the procedure, this does not prevent the existence of a physician-patient relationship. As we observed in *Bioderm*, a physician-patient relationship can exist even in circumstances in which the physician deals indirectly with the patient. __ S.W.3d at __ n.9. Additionally, the RGV Clinic is a professional association, which the Medical Liability Act defines as a physician. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(23)(B). Thus, Guerrero's argument that no physician-patient relationship existed fails, and Guerrero's claim is a health care liability claim.

In 2009, the Legislature enacted a statute regulating laser hair removal facilities and technicians that expressly provides that laser hair removal constitutes the practice of medicine. TEX. HEALTH & SAFETY CODE § 401.521 (providing that one who violates the statutory restrictions on requirements for performing laser hair removal is "practicing medicine" in an unauthorized manner). We need not determine whether this statute applies to Guerrero's suit because her claim is a health care liability claim even without its operation.

In sum, we conclude the rebuttable presumption that Guerrero's claim is a health care liability claim applies because she is suing a health care provider and physician over facts implicating her care or treatment. Further, expert health care testimony is needed to prove or refute her claim that the RGV Clinic breached the appropriate standard of care, and therefore Guerrero has

5

not rebutted the presumption. Accordingly, pursuant to Texas Rule of Appellate Procedure 59.1, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand to the trial court to consider the RGV Clinic's request for attorney's fees and costs.

**OPINION DELIVERED: April 25, 2014**