

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00286-CV

_____

TERRY L'AMBER-HOPE AND AMERICAN MEDICAL RESPONSE, INC.,
Appellants

V.

TABITHA STEWART, Appellee

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2020-005868-3

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellants Terry L'Amber-Hope and American Medical Response, Inc. (AMR) moved to dismiss Appellee Tabitha Stewart's negligence suit against them under the Texas Medical Liability Act (TMLA), arguing that because Stewart's claims are healthcare-liability claims, she was statutorily required to serve them with an expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001(a)(13), .351(a), (b). The trial court denied the motion, and L'Amber-Hope and AMR (collectively, Appellants) have appealed. In two issues, Appellants argue that the trial court abused its discretion by denying their dismissal motion. We will affirm.

## Background

In her original petition, Stewart alleged that on or about December 19, 2018, she was a "passenger" in an AMR "van" driven by AMR employee L'Amber-Hope in the course and scope of her employment. Stewart further alleged that L'Amber-Hope "failed to drive in a single lane, lost control[,] and collided with the sidewall." Stewart claimed that the impact caused her bodily injuries and other damages.

Stewart sued Appellants for negligence, asserting that they were negligent by failing to timely apply the vehicle's brakes, failing to maintain a proper lookout, failing to remain reasonably attentive to traffic and other roadway conditions, driving the vehicle at an unsafe speed, failing to turn the vehicle to avoid the collision, and failing

2

to drive in a single lane.[1] Stewart alleged that Appellants' negligence proximately caused her bodily injuries, and she sought damages for past and future medical expenses, past and future lost wages and lost earning capacity, past and future pain and suffering, and past and future physical impairment.

Appellants answered, generally denying Stewart's allegations. Appellants then moved under the TMLA to dismiss Stewart's negligence claims against them, asserting—without any supporting evidence—that because Appellants are healthcare providers and because Stewart's claims allege safety-standard violations while Stewart was their patient, Stewart's claims were healthcare-liability claims. *See id.* § 74.001(a)(12), (13). Appellants argued that Stewart was thus statutorily required to serve them with an expert report, and because she had not, her claims must be dismissed. *See id.* § 74.351(a), (b).

Stewart responded that her suit resulted from a motor-vehicle accident and that the TMLA did not require her to serve an expert report because she was not Appellants' patient and because she had alleged a personal-injury claim, not a healthcare-liability claim. In their reply, Appellants maintained that Stewart was their patient because she had identified AMR as a medical provider in her disclosure responses and because at the time of the accident, Stewart was strapped to a gurney in the back of an AMR ambulance and Appellants were transporting her from her home

---

[1]Stewart also alleged that AMR was vicariously liable for L'Amber-Hope's negligence.

3

to a hospital after she had called 911. Within the reply's body, Appellants quoted some of L'Amber-Hope's interrogatory responses and included screen-shot excerpts from L'Amber-Hope's interrogatory responses and from Stewart's disclosure responses and medical records. These excerpts and quotations appear to support Appellants' contentions, but neither the actual discovery responses nor the medical records themselves were attached to the reply.

After a non-evidentiary hearing, the trial court denied the dismissal motion. Appellants have appealed. *See id.* § 51.014(a)(9).

**Standard of Review**

We review a trial court's decision on a motion to dismiss a healthcare-liability claim for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). But whether a claim constitutes a healthcare-liability claim is a legal question that we review de novo. *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019). In so determining, we consider the entire record, including the pleadings, motions and responses, and relevant, properly admitted evidence. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 258 (Tex. 2012). Our consideration includes, but is not limited to, "medical records regarding examination or treatment of the plaintiff, if any, and the defendant's pleadings and explanation for how the contact at issue was part of medical care, or health care, or safety or professional or administrative services directly related to health care." *Id.*

4

## Applicable Law

Under the TMLA, a plaintiff whose claim constitutes a healthcare-liability claim must serve an expert report, along with a curriculum vitae for the expert whose opinion is offered, on a defendant physician or healthcare provider within 120 days of the defendant's filing an answer. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a); *see Weems*, 575 S.W.3d at 360–61. If the plaintiff fails to timely serve an expert report, then on the motion of a defendant physician or healthcare provider, the trial court must dismiss the plaintiff's healthcare-liability claim with prejudice. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b); *see Weems*, 575 S.W.3d at 360–61.

> The TMLA defines a healthcare-liability claim as
>
> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13); *see Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015). We thus consider three basic elements in determining whether a plaintiff's claim constitutes a healthcare-liability claim: (1) whether the defendant is a physician or healthcare provider; (2) whether the claim at issue concerns treatment, lack of treatment, or a departure from accepted standards of medical care, or healthcare, or safety, or professional or administrative services directly related to healthcare; and (3) whether the defendant's act or omission

5

complained of proximately caused the injury to the plaintiff. *Rio Grande Valley Vein Clinic, P.A. v. Guerrero*, 431 S.W.3d 64, 65 (Tex. 2014); *see* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13). The TMLA creates a rebuttable presumption that a plaintiff's claim is a healthcare-liability claim if it is brought against a physician or healthcare provider and "is based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement." *Loaisiga*, 379 S.W.3d at 256.

Here, Stewart did not serve an expert report on Appellants at any time, so if her claims against Appellants are healthcare-liability claims, her suit must be dismissed. *See Weems*, 575 S.W.3d at 360–61, 363 (stating that when a plaintiff asserts a healthcare-liability claim, suit must be dismissed with prejudice if the plaintiff does not serve an expert report).

## Analysis

In two issues, Appellants complain that the trial court abused its discretion by denying their TMLA dismissal motion because (1) Stewart failed to present sufficient evidence to overcome the rebuttable presumption that a patient's claims against a healthcare provider for alleged injuries sustained during the provision of healthcare are healthcare-liability claims and (2) a suit brought by a patient against an emergency-medical technician and an emergency-medical-services provider for injuries allegedly sustained from a motor-vehicle accident that occurred during medical transport is a

6

healthcare-liability claim.[2] In support of both issues, Appellants assert that they are both healthcare providers—AMR because it is a licensed emergency-medical-services provider, and L'Amber-Hope because she is employed by AMR and because she is also a licensed emergency-medical-services provider. Stewart disputes Appellants' healthcare-provider statuses under the TMLA.

Relevant here, the TMLA defines healthcare provider as "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care,[3] including . . . a health care institution."[4] Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(12)(A)(vii). The term "health care institution" includes "an emergency medical services provider," *id.* § 74.001(a)(11)(C), which "means a licensed public or private provider to which Chapter 773, Health and Safety Code applies," *id.*

---

[2]We note that Appellants have included over 400 pages of discovery responses and medical records in the appendix to their brief and reference these documents throughout. Stewart similarly references medical records attached to her brief as an exhibit. But because none of these documents are included in the appellate record, we cannot consider them. *See Ahmed v. Sosa*, 514 S.W.3d 894, 896 (Tex. App.—Fort Worth 2017, no pet.); *see also* Tex. R. App. P. 34.1 (providing that the appellate record consists of the clerk's record and, when necessary, the reporter's record).

[3]"Health care" is "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(10).

[4]The term healthcare provider also "includes . . . an employee . . . acting in the course and scope of the employment . . . relationship." *Id.* § 74.001(a)(12)(B)(ii).

§ 74.001(a)(8). As the moving parties, Appellants had the burden to present evidence that they are "duly licensed, certified, registered, or chartered by the State of Texas to provide health care." *E. Tex. Support Servs., Inc. v. Brown*, No. 12-21-00025-CV, 2021 WL 3671208, at *3 (Tex. App.—Tyler Aug. 18, 2021, pet. denied) (mem. op.) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(12)(A)); *see also Obstetrical & Gynecological Assocs., P.A. v. Hardin*, No. 01-13-00236-CV, 2013 WL 6047595, at *2–3 (Tex. App.—Houston [1st Dist.] Nov. 14, 2013, no pet.) (mem. op.); *Brown v. Villegas*, 202 S.W.3d 803, 806 (Tex. App.—San Antonio 2006, no pet.).

Here, Stewart pleaded in her original petition that she was injured while riding as a passenger in an AMR van[5] driven by L'Amber-Hope in the course and scope of her employment with AMR. Stewart's pleadings alleged nothing to support an inference that either AMR or L'Amber-Hope was a TMLA-defined healthcare provider. *But cf. Weems*, 575 S.W.3d at 363 (noting that a plaintiff's pleadings could suffice to trigger the rebuttable presumption that a claim is a healthcare-liability claim under the TMLA).

Appellants asserted in their TMLA dismissal motion that they were healthcare providers as defined by Section 74.001(a)(11)(C). *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(11)(C) (providing that the term "health care institution" includes emergency-medical-services providers). They explained that

---

[5]We note that Stewart referred to the vehicle as a van, not an ambulance.

On December 19, 2018[,] Plaintiff was a patient being transported to the emergency department via one of AMR's ambulances. The ambulance was being driven by [L'Amber-Hope] who was working for AMR as an emergency medical technician at the time. Plaintiff was EMT [L'Amber-Hope's] patient. En route to the hospital[,] the ambulance struck a curb. At the time of the collision, the patient (Plaintiff) was secured to the ambulance stretcher in the patient treatment area of the ambulance. After the incident, the patient claimed she was suffering chest pain. A second AMR ambulance responded to the scene. The patient (Plaintiff) was transferred to the new ambulance and was transported on to the hospital emergency department. At all relevant times of the incident in question, Plaintiff was a patient of Defendants.

As noted, Appellants provided no evidence to support these factual assertions, and unsupported statements in motions are not evidence.[6] *See, e.g.*, *ODIN Demolition & Asset Recovery, LLC v. Marathon Petroleum Co.*, No. 01-17-00438-CV, 2018 WL 4131038, at *5 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op.) ("Unsupported arguments in briefs or motions are not evidence."); *Jaimes v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *5 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.) (noting that statements made in dismissal motion are not evidence).

---

[6]AMR cannot rely on its name as evidence that it is a healthcare provider. *See Obstetrical & Gynecological Assocs.*, 2013 WL 6047595, at *3 (concluding that appellant's name—Obstetrical & Gynecological Associates, P.A.—did not "evidence the tasks it performed or its status with the State" and rejecting argument that appellant's name was "self-explanatory evidence that it [was] licensed to provide healthcare").

Nor did Appellants file any evidence in support of their reply.[7] Instead, they included quotations from L'Amber-Hope's interrogatory responses and screen-shot excerpts from L'Amber-Hope's interrogatory responses and from Stewart's disclosure responses and medical records rather than attaching the documents themselves. Appellants' failing to attach the document themselves essentially reduces these discovery-response quotations to unsupported factual statements; thus, they are not evidence.[8] *See, e.g.*, *Cleveland v. Taylor*, 397 S.W.3d 683, 693 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("Neither an attorney's arguments nor the pleadings or motions of a party constitute evidence.").

Without evidence to support Appellants' contentions that they are emergency-medical-services providers—specifically evidence that either AMR or L'Amber-Hope is licensed, certified, registered, or chartered by the State of Texas to provide healthcare—Appellants failed to prove that they are healthcare providers for which a report is required. *See, e.g., E. Tex. Support Servs.*, 2021 WL 3671208, at *3–4; *Obstetrical & Gynecological Assocs.*, 2013 WL 6047595, at *2–3; *Doctors Data, Inc. v. Stemp*, No. 03-12-00079-CV, 2014 WL 3809742, at *3 (Tex. App.—Austin July 31, 2014, pet. denied)

---

[7]We express no opinion about whether evidence presented for the first time in support of a reply can be considered in determining whether a claim is a healthcare-liability claim.

[8]Moreover, L'Amber-Hope could not rely on her own interrogatory responses. *See* Tex. R. Civ. P. 197.3 ("Answers to interrogatories may be used *only against the responding party*." (emphasis added)).

10

(mem. op.). We thus do not need to address whether Stewart's claims are healthcare-liability claims. *See* Tex. R. App. P. 47.1; *E. Tex. Support Servs.*, 2021 WL 3671208, at *4. Accordingly, we hold that based on the record before it, the trial court did not abuse its discretion by denying Appellants' dismissal motion, and we overrule Appellants' two issues.

## Conclusion

Having overruled Appellants' two issues, we affirm the trial court's order denying Appellants' motion to dismiss.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  June 2, 2022