

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-21-00554-CV

**COMPLEX REHAB TECHNOLOGIES, LLC**,
Appellant

v.

Tomas **MOLINA**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI23933
Honorable Cynthia Marie Chapa, Judge Presiding

Opinion by:      Beth Watkins, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Beth Watkins, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: August 10, 2022

AFFIRMED

In this interlocutory appeal, appellant Complex Rehab Technologies, LLC (CRT) argues the trial court erred in denying its motion to dismiss the claims of appellee Tomas Molina. Because we conclude CRT did not carry its burden below to establish that it was a health care provider entitled to dismissal under Texas Civil Practice and Remedies Code section 74.351(b), we affirm.

## BACKGROUND

The evidence before the trial court established that Molina uses a motorized wheelchair provided by CRT. Molina experienced problems with his wheelchair, including with its armrests.

CRT sent its employee, Ashley Williams, to repair the armrests. Williams used a hacksaw to shorten an element of the armrests. According to Molina's petition, CRT expressly represented that "[t]he armrest will not come off again" and "[t]he wheelchair was fixed." After that modification, Molina was using his wheelchair "when the armrest came off, taking the control table and joystick with it. This caused the wheelchair to violently plow into [Molina]'s bedframe, pinning his left leg and ultimately causing severe injuries. . . ." Molina sued CRT asserting causes of action for violations of the Texas Deceptive Trade Practices Act, negligence, breach of warranty, and unconscionable conduct.

After filing an answer, CRT invoked the protections of Chapter 74 of the Texas Civil Practice and Remedies Code. CRT filed a motion to dismiss Molina's lawsuit, arguing that it was a health care provider, that it had provided health care services to Molina, and that Molina's lawsuit was a health care liability claim. According to CRT, since more than 120 days had passed since CRT filed its answer and Molina failed to serve it with an expert report, the trial court was required to dismiss Molina's lawsuit against it. The trial court held a hearing and denied the motion to dismiss. CRT filed a timely notice of interlocutory appeal.

**ANALYSIS**

*Standard of Review*

We generally review a trial court's decision on a motion to dismiss a health care liability claim under an abuse of discretion standard. *See, e.g.*, *Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 223 (Tex. 2018). However, when we are required to determine whether Chapter 74's statutory scheme applies to a defendant or to a plaintiff's claims, we perform a de novo review. *Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 836 (Tex. 2022). When making this determination, we consider the entire court record, "including the pleadings, motions and

responses, and relevant evidence properly admitted." *Loaisiga v. Cerda*, 379 S.W.3d 248, 258 (Tex. 2012).

*Applicable Law*

A health care liability claimant must, within 120 days after each defendant's original answer is filed, serve each defendant health care provider with an expert report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). A health care provider may object and move to dismiss the lawsuit on the grounds that it was not served with a timely report. *Id*. § 74.351(b). If the trial court denies the motion to dismiss, the health care provider may file an interlocutory appeal. *Id*. § 51.014(a)(9).

A healthcare liability claim contains three basic elements: (1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the acts or omissions complained of must proximately cause the injury to the claimant. *Lopez v. Guiding Light, LLC*, No. 04-20-00561-CV, 2021 WL 5605403, at *2 (Tex. App.—San Antonio Dec. 1, 2021, no pet.) (mem. op.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13)). A defendant bears the burden of establishing all three elements before it is entitled to dismissal under section 74.351(b). *See, e.g.*, *Brown v. Villegas*, 202 S.W.3d 803, 806 (Tex. App.—San Antonio 2006, no pet.).

*Application*

Chapter 74 defines a health care provider as "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care, including: (i) a registered nurse; (ii) a dentist; (ii) a podiatrist; (iv) a pharmacist; (v) a chiropractor; (vi) an optometrist; (vii) a health care institution; or (viii) a health care collaborative certified under Chapter 848, Insurance Code." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12)(A). Since CRT does not, on its face, fit neatly into one of the

enumerated categories, it bore the burden "to present evidence that the State of Texas has certified it as a healthcare provider." *Obstetrical & Gynecological Assocs., P.A. v. Hardin*, No. 01-13-00236-CV, 2013 WL 6047595, at \*2 (Tex. App.—Houston [1st Dist.] Nov. 14, 2013, no pet.) (mem. op.). In its motion to dismiss, CRT alleged it "is licensed by the Texas Department of State Health Services as a *medical* device distributor." (emphasis added). However, the license it attached from the Texas Department of State Health Services shows only that it is a "device distributor."

> The sole license CRT presented that was issued by the State of Texas provides:

> Pursuant to Health and Safety Code Chapter 431 (Food, Drug, Device, and Cosmetic Act) and Title 25 of the Texas Administrative Code, and in reliance on statements and representations made by licensee, the license shall be subject to all applicable rules, regulations and orders of the Texas Department of State Health Services now or hereafter in effect. The above licensee is authorized to engage in the following activities:
> DEVICE DISTRIBUTOR

The statutory and regulatory provisions cited in CRT's license—Chapter 431 and Title 25— regulate health care providers and non-health care providers alike. *See* TEX. HEALTH & SAFETY CODE ANN. § 431.001, *et seq*. (containing fifteen subchapters that govern food, drugs, devices, and cosmetics in addition to animal feed, infant formula, and butter); *see also* TEX. ADMIN. CODE Title 25, *et seq*. (including nine parts with dozens of chapters). Below, Molina argued:

> Not every entity licensed by the Texas Department of State Health Services is engaged in the provision of health care. The Texas Department of State Health Services licenses mold remediators, dead animal haulers, food handlers, massage establishments, asbestos professionals, tattoo studios, individuals involved in laser hair removal, and providers of frozen desserts, to name a few. Even welding supply shops are licensed under drugs and medical devices.

(citations omitted). CRT did not present the trial court with any evidence or argument about which portions of Chapter 431 or Title 25 governed the Texas device distributor license it presented to

the trial court. Accordingly, it did not present any evidence about which, if any, portions of Chapter 431 or Title 25 it operated under to provide health care.

CRT did, however, present the affidavit of its CEO, Jeffrey Meischen, averring that CRT "is a provider of medical supplies and equipment" that also "provides maintenance and repairs to medical equipment." According to Meischen, "CRT is licensed by the Texas Department of State Health Services as a device distributor." On appeal, Molina responds, "Just because you have a license from the Texas Department of State Health Services does not mean you are doing healthcare." For the reasons described above, we agree. As a result, CRT was required to present additional evidence to demonstrate that it is "licensed, certified, registered, or chartered by the State of Texas to provide health care." TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A).

CRT presented no such evidence. Instead, it submitted a "Certificate of Accreditation" from an entity called the "Accreditation Commission for Health Care" as a "Home/Durable Medical Equipment Services, Rehabilitation Technology Supplier Services." On appeal, CRT argues:

> The ACHC is authorized by the federal Centers for Medicare and Medicaid Services (CMS) to provide accreditation in multiple areas, including for providers of DMEPOS like CRT. *See* https://www.achc.org/about-accreditation/#why_achc (last visited February 10, 2022).

But CRT did not present this argument or evidence to the trial court. As a result, we are precluded from considering it. *See, e.g.*, *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 283 n.8 (Tex. App.—San Antonio 2010, no pet.) (noting we cannot consider documents not included in appellate record); *see also Cox v. GMAC Mortg., LLC*, No. 03-15-00440-CV, 2016 WL 5874872, at *2 n.3 (Tex. App.—Austin Oct. 7, 2016, no pet.) (mem. op.) (refusing to consider contents of website "not presented at trial or otherwise made a part of the record"); *Kimbrell v. Mem'l Hermann Hosp.*

*Sys.*, 407 S.W.3d 871, 874 n.3 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (refusing to consider YouTube video "not formally made part of the appellate record").

CRT also presented the prescription Molina's physician submitted for his wheelchair. On appeal, CRT argues Molina's "wheelchair is deemed 'medical equipment' and cost is reimbursable by CMS as a health care expense." To support that argument, in its appellate brief, CRT includes a link to a cms.gov website and attaches as an appendix Chapter 15 of "the Medicare Benefit Policy Manual, published by CMS, to establish that it is a health care provider with respect to the medical devices and medical equipment it provides." But, as with the supplemental information about the "Accreditation Commission for Health Care," because CRT did not present this information to the trial court, we cannot consider it. *See, e.g.*, *Cox*, 2016 WL 5874872, at *2 n.3. In any event, neither the prescription nor the certificate of accreditation from a private entity show that CRT is, essentially, approved by the State of Texas to provide health care. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A).

CRT relies on our court's opinion in *San Antonio Extended Medical Care, Inc. v. Vasquez*, 327 S.W.3d 193 (Tex. App.—San Antonio 2010, no pet.). There, the plaintiff's lawsuit alleged that the defendant failed to supply adequate oxygen and the plaintiff died as a result. *See id.* at 195–96. In support of its motion to dismiss, the defendant presented evidence that it had two licenses from the State—one as a prescription drug firm, and the other as a licensed device firm. *See id*. at 198. The defendant presented additional details about its prescription drug firm license, including that it was the same license held by pharmacies. *See id*. The defendant presented evidence that, through its prescription license, it "supplied prescription-ordered oxygen therapy to [the plaintiff]."[1] *Id*. This court reasoned that the defendant established the connection between the

---

[1] In contrast, Molina has argued that Williams's repairs to the armrests of his wheelchair—performed with a hacksaw and tape, and not at the direction of any physician or health care provider—are not the provision of health care.

defendant's State prescription drug license and the plaintiff's claims. *See id*. at 198–99. The evidence presented in *Vasquez* distinguishes it from this case.

Instead, we believe the facts of this case are closer to *Brown v. Villegas*, 202 S.W.3d 803. There, the plaintiff sued a laboratory, its technician, and the pathologist who reviewed the lab work asserting that they, essentially, failed to properly diagnose her condition. *See id*. at 804. The laboratory and its technician moved to dismiss the plaintiff's claims under section 74.351. *See id*. The plaintiff's attorney failed to appear at the hearing; the trial court dismissed the plaintiff's claims and denied her motion for reconsideration. *See id*. at 804–05. This court noted that the defendant "as the movant, had the burden to present evidence to establish that it is certified by the State of Texas." *Id*. at 805. The record, however, contained no evidence that the laboratory was "duly licensed, certified, or registered or chartered by the State of Texas to provide health care." *Id*. at 806 (relying on previous statutory definition). Without that evidence, we concluded, we could not determine whether the laboratory was a health care provider such that Chapter 74 applies to the plaintiff's claims against it. *Id*. As in *Brown v. Villegas*, we conclude the evidence CRT presented below fails to establish that it meets the statute's plain language requirement that it be certified by the State of Texas to provide health care. *See id*. at 805–06.

"It is the Legislature's prerogative to enact statutes; it is the judiciary's responsibility to interpret those statutes according to the language the Legislature used, absent a context indicating a different meaning or the result of the plain meaning of the language yielding absurd or nonsensical results." *Molinet v. Kimbrell*, 356 S.W.3d 407, 414–15 (Tex. 2011). Our interpretation of the definition of "health care provider" the legislature used in section 74.001—requiring health care providers in Texas to be, essentially, licensed by the state—is neither contradicted by its context nor does it create an absurd or nonsensical result. *See id*.

CRT presented the trial court with no evidence that it was a "person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care." Tex. Civ. Prac. & Rem. Code § 74.001(a)(12)(A). We therefore conclude that CRT failed to carry its burden below to establish that it was a health care provider entitled to the protections of Chapter 74. As a result, we do not reach CRT's additional argument that Molina asserted a health care liability claim. *See* Tex. R. App. P. 47.1 (requiring court of appeals' opinion to be as brief as practicable but to address every issue raised and necessary to final disposition of the appeal).

## CONCLUSION

Because CRT failed to establish that it is a health care provider entitled to the protections of Civil Practice and Remedies Code section 74.351, the trial court did not err in denying its motion to dismiss. Accordingly, we affirm the trial court's order denying CRT's motion to dismiss.

Beth Watkins, Justice