

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00687-CV

**SEA WORLD OF TEXAS, LLC**,
Appellant

v.

Renada **MATHIS**, Perreal Woods, and Joe Boston,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-17204
Honorable Rosie Alvarado, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: May 3, 2023

AFFIRMED

Sea World of Texas, LLC challenges the trial court's order denying its motion to dismiss

under Chapter 74 of the Texas Civil Practice and Remedies Code. We affirm the trial court's order.

### BACKGROUND

In August of 2019, Joe Boston died after swimming in the wave pool at Sea World's water

park. Although there are few details in the record on this point, it appears that Sea World's

lifeguards engaged in unsuccessful rescue efforts before Boston died. Appellees, who are Boston's

mother, brother, and father, subsequently sued Sea World. Appellees allege that Sea World's negligence proximately caused Boston's death.

On July 27, 2022, Sea World filed a motion arguing that appellees' claims are health care liability claims that are subject to the expert report requirement of Chapter 74 of the Texas Civil Practice and Remedies Code. Because appellees did not serve Sea World with an expert report, Sea World argued the trial court was required to dismiss their lawsuit.

After a hearing, the trial court denied Sea World's motion to dismiss. Sea World now appeals.

## ANALYSIS

### *Standard of Review and Applicable Law*

Under Chapter 74 of the Texas Civil Practice and Remedies Code, a claimant who asserts a "health care liability claim" against a "physician or health care provider" is required to "serve on each defendant one or more expert reports describing the expert's opinions addressing the applicable standards of care, how the defendant's conduct failed to meet those standards, and how those failures caused the claimant's injury, harm, or damages." *Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 836 (Tex. 2022) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (r)(6)). If the claimant does not timely file the expert report, "the trial court must dismiss the claim with prejudice[.]" *Id.*

For purposes of Chapter 74, "'[h]ealth care' means any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(10). A "[h]ealth care provider" is "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or

chartered by the State of Texas to provide health care[.]" *Id.* § 74.001(a)(12)(A). A "[h]ealth care liability claim" is:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant[.]

*Id.* § 74.001(a)(13).

We generally review a trial court's ruling on a Chapter 74 motion to dismiss for abuse of discretion. *Complex Rehab Techs., LLC v. Molina*, 660 S.W.3d 535, 537 (Tex. App.—San Antonio 2022, no pet.). "However, when we are required to determine whether Chapter 74's statutory scheme applies to a defendant or to a plaintiff's claims, we perform a de novo review" of the entire record. *Id.*

### *Application*

While Sea World does not contend that it is a "health care provider," it argues its lifeguards "are licensed to and were providing health care [to Boston] as that term is broadly defined in the statute." To be entitled to dismissal under Chapter 74, Sea World bears the burden to establish: (1) its lifeguards fall within the statutory definition of "health care provider"; (2) appellees' claims are health care liability claims; and (3) "the acts or omissions complained of" proximately caused injury to appellees. *Id.* at 538; *Brown v. Villegas*, 202 S.W.3d 803, 806 (Tex. App.—San Antonio 2006, no pet.).

In support of its motion to dismiss, Sea World presented evidence that the lifeguards assigned to the wave pool on the day Boston died were certified by the American Red Cross. It also noted that at that time, the Texas Administrative Code required lifeguards at certain types of public pools to "hold a current ARC 'Lifeguard Training' certificate or the equivalent certification from an aquatic safety organization, which also includes training in ARC 'Adult, Infant, and Child

CPR' and 'Community First Aid' or their equivalent[.]" 25 TEX. ADMIN CODE § 265.199(g)(1) (2005), *repealed by* 45 Tex. Reg. 5088, 5090 (2020). Based on these facts, Sea World argues the American Red Cross was administratively "chartered" to certify lifeguards to provide health care and, as a result, Sea World's lifeguards were "certified as required by the State of Texas[.]"

We note as a threshold matter that the now-repealed regulation upon which Sea World relies used the term "ARC" and did not specify that "ARC" was an abbreviation for "American Red Cross." *See id.* But even if we assume that "ARC" meant "American Red Cross," the trial court did not err by rejecting Sea World's argument. Chapter 74 does not require a health care provider to be "certified as required by" the state; its plain language requires a health care provider to be "licensed, certified, registered, or chartered *by the State of Texas*[.]" *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A) (emphasis added); *Complex Rehab Techs.*, 660 S.W.3d at 540; *Brown*, 202 S.W.3d at 806. We see nothing in the regulation upon which Sea World relies that deputized non-state organizations like the American Red Cross to act as licensing bodies of the State of Texas. *See* 25 TEX. ADMIN CODE § 265.199(g)(1) (2005), *repealed by* 45 Tex. Reg. 5088, 5090 (2020); *Brown*, 202 S.W.3d at 806. Accordingly, Sea World presented no evidence below that its lifeguards are certified, licensed, registered, or chartered directly by the state. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A).

In its reply brief, Sea World argues, "It is not unusual for Texas to require an individual to hold a certification from an outside organization in order [to] comply with a statute." As support for this assertion, Sea World cites a portion of the Texas Administrative Code that provides, "A candidate for emergency medical services (EMS) certification shall . . . provide evidence of current active or inactive National Registry [of Emergency Medical Technicians] certification at the appropriate level[.]" 25 TEX. ADMIN. CODE § 157.33(a)(6). However, the outside certification required by section 157.33(a)(6) is one of several prerequisites an applicant must satisfy to obtain

a certification that is ultimately issued by a state agency: the Texas Department of State Health Services. *See generally* 25 TEX. ADMIN. CODE § 157.33(a); 25 TEX. ADMIN. CODE § 157.3 (establishing procedures for TDSHS issuance of EMS certifications); *see also Tex. Dep't of State Health Servs. v. Kerr*, 643 S.W.3d 719, 729 (Tex. App.—Amarillo 2022, no pet.) (identifying TDSHS as "a state entity"). Section 157.33(a)(6) does not equate "certification . . . through the National Registry of Emergency Medical Technicians" to a certification by the State of Texas. *See* 25 TEX. ADMIN. CODE § 157.33(a)(6). Nor does Sea World cite any other authority establishing that certification by a non-state actor like the American Red Cross satisfies Chapter 74's definition of "health care provider." *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A).

Because Sea World presented no evidence that its lifeguards were "duly licensed, certified, registered, or chartered by the State of Texas to provide health care," it did not carry its burden to show the lifeguards were health care providers for the purposes of Chapter 74. *See id.*; *Complex Rehab Techs.*, 660 S.W.3d at 540. As a result, the trial court did not abuse its discretion in denying Sea World's motion to dismiss. *See Complex Rehab Techs.*, 660 S.W.3d at 540; *Brown*, 202 S.W.3d at 806. Because this issue is dispositive, we need not address Sea World's additional contention that appellees asserted a health care liability claim. *See Complex Rehab Techs.*, 660 S.W.3d at 540–41; TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the trial court's order.

Beth Watkins, Justice